NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| RONALD PHILLIP, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 05-571 (JAG) |
| v. : | |
| : | OPINION |
| STATE TROOPER WONDRACK; STATE : | |
| TROOPER TRAVIS; STATE TROOPER : | |
| KLIMEK; STATE TROOPER BOERO; : | |
| STATE TROOPER DAY; STATE : | |
| TROOPER LUBESKI; STATE TROOPER : | |
| VETTER; OFFICE OF THE : | |
| PROSECUTOR - BURLINGTON : | |
| COUNTY; OFFICE OF THE : | |
| PROSECUTOR - MIDDLESEX : | |
| COUNTY; OFFICE OF THE ATTORNEY : | |
| GENERAL; OFFICE OF THE : | |
| GOVERNOR - STATE OF NEW JERSEY, : | |
| : | |
| Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions of State Trooper Defendants Wondrack, Travis, Klimek, Boero, Day, Lubeski, and Vetter ("State Trooper Defendants"), and the Office of the Prosecutor - Burlington County ("Burlington") (collectively "Defendants"), to dismiss Plaintiff Ronald Phillip's ("Plaintiff") Complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, both motions are granted.

1

# I. PROCEDURAL HISTORY

On January 28, 2005 pro se Plaintiff Phillip, a citizen of Jamaica, West Indies, filed a complaint in this Court alleging that he "was arrested and convicted on charges due to racial profiling at service areas on the New Jersey Turnpike." (Compl. 6 Ex. A at 1.) As a result of his arrest, Plaintiff was indicted and convicted in Middlesex and Burlington Counties for "possession of cocaine with [the] intent to distribute and possession of a stolen automobile. In addition [Plaintiff] was convicted of unlawful possession of a handgun." (Compl. Ex. A at 1, 4-5.) After pursuing his appeals in New Jersey state court, on December 22, 2003, Judge Jane Cantor of the New Jersey Superior Court "ordered that the convictions entered against Ronald Phillip under Middlesex County Indictment No. 92-09-1739 and Burlington County Indictment No. 93-01-0070 [be] vacated and both of the indictments [be] dismissed with prejudice against Ronald Phillip only." (Compl. Ex. A at 5.)

On April 5, 2005, this Court rendered an opinion holding that Plaintiff's Complaint alleged "claims of (1) racial profiling, in violation of Plaintiff's right to equal protection, in connection with both the arrest and prosecution, (2) false arrest and false imprisonment, and (3) malicious prosecution"[1] against the State Trooper Defendants, Burlington, the Office of the Prosecutor - Middlesex County, the Office of the Attorney General of New Jersey, and the Office of the Governor of New Jersey. (Op. 3, Apr. 5, 2005.) This Court dismissed all claims, with prejudice, against the State Trooper Defendants in their official capacities, the Office of the

---

[1] In reviewing a complaint drafted by a pro se plaintiff, a reviewing court must discern the claims alleged and determine the viability of those claims. This Court shall review claims, pursuant to 42 U.S.C. § 1983, for false arrest, and malicious prosecution. Additionally, common law claims for false arrest, false imprisonment, and malicious prosecution shall also be reviewed.

Attorney General of New Jersey, and the Office of the Governor of New Jersey.  (Order 2, Apr. 5, 2005.)  In addition, this Court found that Plaintiff's claims for racial profiling in his arrest, false arrest, and false imprisonment appeared to be time-barred, and ordered Plaintiff to show cause, in writing, why such claims should not be dismissed.  (Id. at 1.)

On May 3, 2005, Plaintiff filed a letter response to this Court's April 5, 2005 Order.  (See Letter from Ronald Phillip, Plaintiff, to Judge Joseph A. Greenaway, Jr., U.S. District Judge, May 3, 2005.)  Plaintiff, citing to Heck v. Humphrey, 512 U.S. 477 (1994), argued that his claims for racial profiling in his arrest, false arrest, and false imprisonment arose on December 22, 2003, when Judge Cantor vacated his convictions, and dismissed the indictments.  (Id.)  Therefore, Plaintiff claims that his January 28, 2005 Complaint was filed within the two-year statute of limitations.  (Id.)

On June 28, 2007, the State Trooper Defendants filed a motion to dismiss.  (See State Trooper Defs.' Mot. to Dismiss, June 28, 2007.)  The State Trooper Defendants argue that dismissal is warranted because:  (1) Plaintiff's "§ 1983 claims arising out of false arrest accrue at the time of the arrest," and are therefore time-barred (State Trooper Defs.' Br. in Supp. of Mot. to Dismiss 6) (internal citation omitted); (2) Plaintiff fails to prove that the criminal proceeding was terminated in his favor, a necessary element for claims of malicious prosecution (id. at 7-10); and (3) Plaintiff did not comply with the notice requirement of the New Jersey Tort Claims Act for his common law tort claims, including false arrest, false imprisonment, and malicious prosecution (id. at 11-14).

On July 11, 2007, Burlington filed a motion to dismiss joining in the arguments raised by the State Trooper Defendants.  (See Burlington Mot. to Dismiss, July 11, 2007.)  Later, on

November 27, 2007, Burlington sought leave to file a supplemental brief to raise additional arguments. (See Burlington Mot. for Leave to File a Supplemental Br., Nov. 27, 2007.) Burlington seeks leave to argue that its dismissal from this case is proper because: (1) the Eleventh Amendment bars claims against it; (2) § 1983 does not permit liability based on a theory of respondeat superior; and (3) Burlington is entitled to absolute prosecutorial immunity. (Id. at Attach. 1.)

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (emphasis in original) (quoting Shaw v

Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).[2]  Any further expansion beyond the pleadings, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(b).

### III.  DISCUSSION

#### A.  Plaintiff's Response to This Court's Order to Show Cause

On April 5, 2005, this Court ordered Plaintiff to show cause why his claims for racial profiling in his arrest, false arrest, and false imprisonment are not time-barred.[3]  (Order 1, Apr. 5,

---

[2] Plaintiff submitted three orders in support of his Complaint.  First, Plaintiff submitted the order of Judge Edward Stern of the Appellate Division of the New Jersey Superior Court granting Plaintiff's motion to remand the case to the Law Division, and dismissing his appeal.  Second, Plaintiff submitted the order of Judge Jane Cantor vacating his convictions, and dismissing the indictments against him.  Third, Plaintiff submitted the order of Judge Daniel Meisner, Immigration Judge, granting Plaintiff's request to re-open the deportation proceedings, pursuant to the vacation of his convictions, and dismissal of the indictments.  (See Compl. Ex. A.)

The State Trooper Defendants submitted the Affidavit of Paul H. Heinzel, Deputy Attorney General, which was filed in support of the State of New Jersey's Motion to Vacate Conviction[s] in the Matter of Alleged Racial Profiling by the New Jersey State Police.  (See State Trooper Defs.' Br. in Supp. of Mot. to Dismiss Ex. 2.)

The documents submitted by Plaintiff and the State Trooper Defendants may only be considered by this Court if they are "*integral to or explicitly relied upon* in the [C]omplaint."  In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426) (emphasis in original)).  Each of the three orders submitted by Plaintiff are explicitly relied upon in the Complaint.  Plaintiff claims that he exhausted his administrative remedies through his appeals in the state court system, that his convictions were vacated and indictments against him dismissed, and that Judge Meisner "recognized the racial profiling and stated that a suit for damages is viable."  (Compl. Ex. A at 6.)  Similarly, Paul H. Heinzel's Affidavit is integral to Plaintiff's Complaint because it provides the foundation and basis for the vacation of Plaintiff's conviction, and dismissal of the indictments against him.  Therefore, this Court will consider these documents in resolving the pending motions to dismiss.

[3] This Court held that Plaintiff's claims, pursuant to 42 U.S.C. § 1983, have a two-year statute of limitations.  (See Op. 11, Apr. 5, 2005); see also Wilson v. Garcia, 471 U.S. 261, 280

2005.)  This Court reasoned that "any claim of racial profiling in connection with Plaintiff's arrest accrued at the time of his arrest more than twelve years ago."  (Op. 12-13, Apr. 5, 2005.) Similarly, this Court held that "[a] § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest."  (Id. at 15) (citing Montgomery, 159 F.3d at 126).  Therefore, Plaintiff's § 1983 false arrest claim accrued on the date of Plaintiff's arrest, over twelve years prior to the filing of this Complaint.

This Court, however, provided Plaintiff with an opportunity to allege facts or extraordinary circumstances that would permit statutory or equitable tolling under New Jersey or federal law.  (Op. 13, Apr. 5, 2005); see also Oshiver, 38 F.3d at 1387 (stating that "equitable tolling may be appropriate:  (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.").

In Plaintiff's letter response, he claims that just as his § 1983 and common law claims for malicious prosecution accrue upon the vacation of his convictions, and dismissal of the indictments against him, his § 1983 and common law claims for false arrest and false imprisonment also accrue on the same date, December 22, 2003.  (See Letter from Ronald Phillip, Plaintiff, to Judge Joseph A. Greenaway, Jr., U.S. District Judge, May 3, 2005.)  Plaintiff also argues that he should not be penalized for a late filing because a report regarding racial profiling was not released until 1999, and "the [s]tate [o]fficials concealed their unlawful

---

(1985); Montgomery v. De Simone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); N.J. STAT. ANN. § 2A:14-2.

practices." (Id.)

Plaintiff, however, misconstrues the equitable tolling rule as it applies to false arrest and false imprisonment claims. Plaintiff cites to Heck v. Humphrey in support of his position. In Heck, the Supreme Court of the United States distinguishes between a claim for malicious prosecution, which requires proof that the underlying criminal proceeding terminated in favor of the accused, and a claim for false arrest or false imprisonment, which only "cover[s] the time of detention up until issuance of process or arraignment, but not more." 512 U.S. at 484; see also Lane v. Whitman, No. 02-4290, 2004 U.S. Dist. LEXIS 29983, *14 (D.N.J. Feb. 18, 2004) (quoting Montgomery, 159 F.3d at 126 n.5 (stating that the Third Circuit "held that false arrest and false imprisonment claims are not the type of claims contemplated by the Supreme Court in Heck that necessarily implicate the validity of a sentence or conviction.")). As the Supreme Court explained in Wallace v. Kato, the result is that "the statute of limitations upon a *§ 1983* claim seeking damages for a false arrest in violation of the *Fourth Amendment*, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 127 S. Ct. 1091, 1100 (2007) (emphasis in original). Therefore, Plaintiff's § 1983 claim for false arrest accrued, at the latest, when Plaintiff was arrested, or more than twelve years prior to the filing of this Complaint. Id. at 1091. This period far exceeds the two-year statute of limitations for Plaintiff's § 1983 false arrest claim. This claim is time-barred.

The statute of limitations for common law claims of false arrest and false imprisonment is also two years. See Pisano v. Union City, 487 A.2d 1296, 1298-99 (N.J. Super. Ct. Law Div. 1984); see also Earl v. Winne, 101 A.2d 535, 542 (N.J. 1953); N.J. STAT. ANN. § 2A:14-2. False arrest claims accrue on the date of the arrest, and false imprisonment claims accrue on the

termination of the imprisonment.  Pisano, 487 A.2d at 1298-99 (false arrest claim accrues on the date of the arrest, not on the date the indictment is dismissed, and false imprisonment claim accrues on the termination of the imprisonment, not "from the time when the proceedings under which the [] arrest occurred ended.").  As stated above, Plaintiff's false arrest claim accrued more than twelve years prior to the date he filed this Complaint.  Therefore, Plaintiff's common law claims for false arrest and false imprisonment are time-barred.

In addition, because Plaintiff has not alleged that Defendants actively misled him regarding his claims, or that there exists some extraordinary reason for Plaintiff's failure to file within the statute of limitations, or that Plaintiff timely filed, but in the wrong forum, see Oshiver, 38 F.3d at 1387, his claims for racial profiling in his arrest, false arrest, and false imprisonment must be dismissed, with prejudice.

**B.  Plaintiff's Claims for Racial Profiling in the Prosecution**

In order to state a claim, pursuant to § 1983, for malicious prosecution, Plaintiff must establish the elements of that common law tort.  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d. Cir. 2000) (citing Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996)).  Under New Jersey law, Plaintiff is required to show that:  "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding."  Pittman v. McDuffy, 240 Fed. App'x 524, 526 (3d Cir. 2007) (quoting Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)); see also Helmy v. City of Jersey City, 836 A.2d 802, 806 (N.J. 2003) (citing Lind v.

Schmid, 337 A.2d 365, 368 (N.J. 1975) ("In order to establish a claim for malicious prosecution, plaintiff must prove (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff.")).  "'Failure to prove any one of these . . . elements denies the plaintiff a cause of action for malicious prosecution.'" Wilson v. N.J. State Police, No. 04-1523, 2006 U.S. Dist. LEXIS 60514, *28 (D.N.J. Aug. 15, 2006) (quoting Wiltz v. Middlesex County Office of the Prosecutor, No. 05-3915, 2006 U.S. Dist. LEXIS 46821, *24 (D.N.J. July 12, 2006)).

>In this matter, Plaintiff has not alleged that the criminal proceeding ended in his favor.
>
>[A] plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution.  "Even if the plaintiff in [a claim for] malicious prosecution can show that the defendant acted maliciously and without probable cause in instituting a prosecution, it is always open to the defendant to escape liability by showing in the malicious prosecution suit itself that the plaintiff was in fact guilty of the offense with which he was charged."  This requirement can bar recovery even when the plaintiff was acquitted in the prior criminal proceedings, for a verdict of not guilty only establishes that there was not proof beyond a reasonable doubt.

Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (internal citations omitted).

Plaintiff does not allege that he is innocent of the crimes for which he was charged and convicted.  (See generally, Compl.)  In fact, Plaintiff alleges that his convictions were overturned, and the indictments dismissed, as a result of underlying racial profiling by the New Jersey State Police, not because he was innocent.  (Compl. 6 Ex. A.)  Paul H. Heinzel's Affidavit supports this representation.  (See State Trooper Defs.' Br. in Supp. of Mot. to Dismiss Ex. 2) (stating that "the cases set forth in Exhibit A have been transferred to this Court as a result of a determination that a 'colorable basis' exists to support an allegation of selective enforcement. . . . Rather than

10

litigating the issues of selective enforcement, whether generally or specifically, in the interests of justice the State hereby moves to vacate the judgments of conviction in these cases and dismiss the indictments with prejudice.").

Therefore, Plaintiff has not alleged facts supporting a claim for malicious prosecution. See Dorsett v. N.J. State Police, No. 04-5652, 2007 U.S. Dist. LEXIS 10512, *16-17 (D.N.J. Feb. 15, 2007) (stating that "the operative fact is that Plaintiff has not alleged innocence of the underlying crime for which he was convicted. Plaintiff's conviction was overturned because there were 'colorable issues' of racial profiling, not because Plaintiff was innocent of drug possession. Thus, Plaintiff has not established [] essential elements necessary to sustain his malicious prosecution claim."); Wilson, 2006 U.S. Dist. LEXIS 60514, at *29-31 (where a plaintiff's conviction is overturned, and indictment dismissed for "colorable issues of racial profiling," the plaintiff cannot sustain a claim for malicious prosecution); Lane, 2004 U.S. Dist. LEXIS 29983, at *17-18 (stating that the vacation of a conviction, and dismissal of an indictment as a result of "colorable issues of racial profiling," does not indicate the plaintiff's innocence).

Based on the precedents enunciated above, Plaintiff's claims for malicious prosecution, pursuant to 42 U.S.C. § 1983, and New Jersey common law, must be dismissed.

**C.   Burlington's Motion for Leave to File a Supplemental Brief**

On November 27, 2007, Burlington sought leave to file a supplemental brief to raise additional arguments. (See Burlington Mot. for Leave to File a Supplemental Br., Nov. 27, 2007.) However, because this Court has dismissed each of the claims asserted in Plaintiff's Complaint, as stated above, Burlington's motion is moot, and shall be denied.

## IV.  CONCLUSION

For the foregoing reasons, this Court grants Defendants' motions to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6).


Dated: March 27, 2008

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.